THE HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   WESTERN DISTRICT OF WASHINGTON
10                            AT SEATTLE
11  REX - REAL ESTATE EXCHANGE, INC.,
    a Delaware corporation,                    Case No. 2:21-CV-00312-TSZ
12
                    Plaintiff,                  ZILLOW DEFENDANTS' ANSWER TO
13                                              AMENDED COMPLAINT FOR
            v.                                  INJUNCTIVE RELIEF AND FOR
14                                              DAMAGES
    ZILLOW, INC., et al.,
15
                    Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Trulia, LLC (collectively "Zillow Defendants" or "Zillow"), by and through their undersigned attorneys, for their Answer to Plaintiff REX – Real Estate Exchange, Inc.'s ("REX") Amended Complaint For Injunctive Relief and For Damages, hereby state as follows:

## ANSWER

The Zillow Defendants reserve the right to amend this Answer based on information made available through discovery or further investigation.  Unless specifically admitted below, the Zillow Defendants deny each and every allegation, claim, and prayer for relief contained in the Amended Complaint.  Additionally, the Zillow Defendants deny that any of the headings herein state facts or allegations to which a response is required.  To the extent a response is required, the Zillow Defendants deny any facts set forth in the headings.  Further answering the specific allegations in the Amended Complaint, the Zillow Defendants state:

1.      Zillow admits that this action purports to assert claims arising under federal and state antitrust laws, the Lanham Act, and deceptive trade laws.

## I.      NATURE OF THE ACTION

2.      Zillow admits that the internet has altered how Americans shop for homes and that for many consumers, home buying now begins on a mobile device or laptop.  Zillow admits that through various online platforms, consumers can search for homes by a variety of parameters including location, price, square footage, bedrooms, and bathrooms.  Zillow admits that the internet is continuously evolving with respect to home buying and that today, individuals are able to virtually tour some properties, and make offers and notarize closing documents online.  Zillow otherwise denies the allegations of Paragraph 2.

3.      Regarding the first sentence of Paragraph 3, the statement that "Websites that aggregate homes for sale are the digital hubs of the new real estate economy" expresses an opinion, not a fact, that Zillow need not admit nor deny.  Zillow does admit that aggregator websites are commonly used by consumers today as a part of their home search process.  Zillow further admits that "Search capabilities allow consumers to find individual residences within predefined parameters and then track properties that interest them. Consumers can now perform

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ

- 1 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

a substantial amount of their home searches online, at their leisure." Zillow lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 3.

4.      Regarding the first sentence of Paragraph 4, Zillow admits that aggregator sites play a role in facilitating real estate transactions. Zillow lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 4.

5.      Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.      Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.      Zillow admits that it is not uncommon for a seller's agent to collect a commission in the range of 2.5 to 3% of the sale price and a buyer's agent to collect a commission of 2.5 to 3% of the sale price. Zillow lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8.      Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 8. Zillow admits that certain of its employees became participating members in individual MLSs across the country, some of which are affiliated with the NAR and some of which are not, in order for Zillow to receive access to those MLSs' IDX Data Feeds. Zillow also admits that in accordance with the rules of many of these local MLSs, and in an effort to avoid consumer confusion, it made certain changes to the display of search listing results on its online platforms such that results are now displayed in two separate tabs, both of which are presented to consumers in response to any search that is queried. Zillow denies the remainder of the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 are directed at Zillow, Zillow denies the allegations in Paragraph 9.

## II.      THE PARTIES

10.      Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

11.     To the extent the allegations in Paragraph 11 contain legal conclusions, no response is required.  To the extent a response is required, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.     Admitted.

13.     Zillow states that Zillow Group is a general corporation organized and existing under the laws of the State of Washington with its principal place of business at 1301 Second Avenue, FL 31, in the City of Seattle and State of Washington and may be served through its registered agent and otherwise denies the allegations in Paragraph 13.

14.     Admitted.

15.     Admitted.

16.     Zillow denies that Trulia, LLC is a real estate website.  Zillow otherwise admits the allegations in Paragraph 16.

### III.    JURISDICTION AND VENUE

17.     The allegations in Paragraph 17 contain legal conclusions to which no response is required.  To the extent that a response is required, Zillow admits that this action purports to assert claims arising from alleged violations of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 and Section 1125 of the Lanham Act, 15 U.S.C. § 1125, and to that extent admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337.  Zillow otherwise denies the allegations of Paragraph 17.

18.     The allegations in Paragraph 18 contain legal conclusions to which no response is required.  To the extent that a response is required, Zillow admits that this action purports to assert claims under the Washington Consumer Protection Act, RCW Ch. 19.86 stemming from the same factual nucleus as the federal law claims, and to that extent admits that this Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. § 1367.  Zillow otherwise denies the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 contain legal conclusions to which no response is required.  To the extent that a response is required, Zillow admits that the United States District Court for the Western District of Washington has personal jurisdiction over Zillow.

1    Zillow admits that it has a regular and established place of business in this judicial district.

2    Zillow further states that its Terms of Use, which are available at

3    https://www.zillowgroup.com/terms-of-use/, speak for themselves and respectfully refers the

4    Court to the Terms for their content.  Zillow otherwise denies the allegations in Paragraph 19.

5        20.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

6    of the allegations in Paragraph 20.

7        21.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

8    of the allegations in the first sentence of Paragraph 21.  Zillow admits that it operates its online

9    platforms within this District.  Zillow otherwise denies the allegations in Paragraph 21.

10                            **IV.    FACTS**

11    **A.    Traditional NAR/MLS Residential Real Estate Brokerage Services**

12        22.    Admitted.

13        23.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

14    of the allegations in Paragraph 23, except that Zillow states that the NAR's "CEO Update –

15    2017 Board of Directors" speaks for itself and respectfully refers the Court to the document for

16    its content.

17        24.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

18    of the first sentence in Paragraph 24.  Regarding the second sentence in Paragraph 24, Zillow

19    states that the "MLS Map of the National Association of Realtors®" speaks for itself and

20    respectfully refers the Court to the document for its content.

21        25.    Zillow states that the NAR's webpage titled "Quick Real Estate Statistics"

22    speaks for itself and respectfully refers the Court to the document for its content.  Zillow

23    otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

24    allegations in Paragraph 25.

25        26.    Zillow admits that obtaining a state license to represent consumers as a broker

26    or agent is not conditioned on membership in the NAR, MLS, or any other private association

27    but lacks knowledge or information sufficient to form a belief as to the remaining allegations

28    in Paragraph 26.

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ                    - 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

27.     To the extent the allegations in Paragraph 27 contain legal conclusions, no response is required.  To the extent a response is required, Zillow lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27.

28.     Zillow admits that the NAR has promulgated certain rules that in certain circumstances may apply to its members, which rules speak for themselves and respectfully refers the Court to those rules for their content.  Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     Zillow admits that real estate brokers and agents can be compensated through commissions they earn on transactions, that seller agents typically represent the homeowner and are often referred to as "listing agents," and that buyer agents typically represent clients interested in purchasing a home for sale.

30.     Zillow admits that real estate transactions sellers' agents and buyers' agents can each be paid a commission from the proceeds of the sale of a house.  Zillow lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 30.

31.     Zillow states that the language excerpted in Paragraph 31 speaks for itself. Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     Zillow states that the language excerpted in Paragraph 31 speaks for itself. Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     Zillow states that the articles cited in Paragraph 33 speak for themselves. Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34.     Zillow admits that Redfin, Coldwell Banker, RE/MAX, Keller Williams, Compass, and Century 21 are some of the largest brokerage firms in the country.  Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

1    35.    Zillow states that the articles cited in Paragraph 35 speak for themselves.

2  Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of

3  the allegations in Paragraph 35.

4    36.    Zillow admits that a significant number of people in the United States engage in

5  online home searching.  Zillow otherwise lacks knowledge or information sufficient to form a

6  belief as to the truth of the allegations in Paragraph 36.

7    37.    To the extent the allegations in Paragraph 37 are not directed at Zillow, no

8  response is required.  In the event a response is required, Zillow states that the federal cases,

9  including the United States Department of Justice's complaint and proposed settlement, speak

10  for themselves, and respectfully refers the Court to those documents for their contents.  Zillow

11  otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

12  allegations in Paragraph 37.

13    38.    To the extent the allegations in Paragraph 38 are not directed at Zillow, no

14  response is required.  In the event a response is required, Zillow states that the referenced

15  complaints speak for themselves.  Zillow otherwise lacks knowledge or information sufficient

16  to form a belief as to the truth of the allegations in Paragraph 38.

17    **B.    The REX Model**

18    39.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

19  of the allegations in Paragraph 39.

20    40.    Zillow admits the general proposition that a large number of consumers search

21  for their future home(s) online today.  Zillow lacks knowledge or information sufficient to form

22  a belief as to the truth of the remaining allegations in Paragraph 40.

23    41.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

24  of the allegations in Paragraph 41.

25    42.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

26  of the allegations in Paragraph 42.

27    43.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

28  of the allegations in Paragraph 43.

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ                    - 6 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

44.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

**C.     The Importance Of Internet Aggregator Sites Like Zillow**

46.     Zillow admits that REX has made use of Zillow's platforms to post REX's own listings and to advertise its listings.  Zillow also admits the general proposition that a large number of consumers search for their future home(s) online today.  Zillow lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46.

47.     Zillow admits that prior to aggregator sites like Zillow, information about homes for sale was held by the individual agents, brokers, and MLSs.  Zillow further admits that the NAR has promulgated an optional rule that MLSs may choose to adopt (or not adopt) that requires the separate display of MLS listings from non-MLS listings.  Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     Zillow admits that independent real estate aggregator sites have made the market more accessible to consumers and that consumers now have direct access via those sites to view available homes.  Zillow further admits that allowing consumers to directly view home listings removed an information asymmetry between consumers and real estate agents and that consumers can shop for a home without an agent if they choose to do so.  Zillow also admits the general proposition that aggregator sites are widely used by consumers today as part of their searches for homes.   Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48.

49.     Zillow admits that the quoted language in Paragraph 49 is present in its 2018 10-K.  Zillow otherwise states that the quoted language and its 2018 10-K filing speaks for itself, and respectfully refers the Court to that document for its content.

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ

- 7 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

50.    Zillow admits that the quoted language in Paragraph 50 is present in its 2018 10-K.  Zillow otherwise states that the quoted language and its 2018 10-K filing speaks for itself, and respectfully refers the Court to that document for its content.

51.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.    Zillow admits that, as of the filing of the Amended Complaint, Zillow and Trulia are the first- and fourth-most-visited aggregator sites in the United States.  Zillow further admits that in 2015 the Federal Trade Commission approved a merger between Zillow and Trulia.  Zillow admits that it operates online platforms for Zillow, Trulia, and StreetEasy. Zillow admits that it reported receiving more than 9.5 billion visits in 2020 with an annual high of over 200 million unique users in its 2020 10-K filing, and respectfully refers the Court to that document for its full content and context.  Zillow further admits that it stated that "more people search for 'Zillow' than 'real estate'" in its 2021 10-K filing, and respectfully refers the Court to that document for its full content and context.  Zillow otherwise denies the allegations in Paragraph 53.

54.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.    Zillow admits that its online platforms provide home sellers with a way to reach consumers.  Zillow admits that interested buyers are able to search for homes that meet their criteria on Zillow's online platforms.  Zillow admits that, prior to January 2021, a consumer's search results were displayed in a single-tab view.  Zillow otherwise denies the allegations in Paragraph 55.

**D.    Zillow Agrees To Degrade Non-MLS Listings Upon Joining NAR And MLSs**

56.    Zillow admits that in order to access superior IDX data feeds, certain of its employees became participating members in individual MLSs across the country, and Zillow

thereby became bound to the local MLSs' rules, including rules promulgated by the NAR regarding the display of listings in search results. Zillow otherwise denies the allegations in Paragraph 56.

57.     Zillow admits that in 2018 it launched its innovative Zillow Offers business. Through the Zillow Offers program, Zillow buys consumers' homes, gets them move-in ready, and sells them itself. Zillow is the principal when it buys and sells homes through Zillow Offers, and does not provide traditional brokerage services in which a broker acts as an agent for a third-party buyer or seller. Zillow admits that its Zillow Offers business has engaged in the purchase and sale of thousands of homes over the last three years. Zillow otherwise denies the allegations in Paragraph 57.

58.     Zillow admits that it announced in the fall of 2020 that it had plans to become a participant member in MLSs across the country and refers the Court to a copy of the announcement, which can be found at https://www.youtube.com/watch?v=EMidklRVFMM, for its content. Zillow otherwise denies the allegations in Paragraph 58.

59.     Zillow admits that it conveyed that it would be switching to superior IDX data feeds to provide better, more comprehensive data for its consumers. Zillow otherwise denies the allegations in Paragraph 59.

60.     Zillow admits that in order to access superior IDX data feeds, certain of its employees became participating members in individual MLSs across the country, and Zillow was thereby required to comply with the local MLSs' rules, some of which relate to the display of listings on Zillow's online platforms. Zillow otherwise denies the allegations in Paragraph 60.

61.     Zillow admits that the screenshot shown above Paragraph 61 of the Amended Complaint appears to be an image taken from Zillow's website prior to the switch to IDX data feeds. Zillow further states that the image speaks for itself and respectfully refers the Court to the image for its content.

62.     Zillow admits that the earlier version of Zillow's website, prior to January 2021, displayed all listing results together on one screen, without tabs. Zillow further admits

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ                     - 9 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

1  that its search results display allows consumers to filter homes by various criteria.  Zillow

2  otherwise denies or lacks knowledge or information to form a belief as to the truth of the

3  allegations in Paragraph 62.

4      63.    Zillow admits that its website display changed in January 2021 and that the

5  image shown in Paragraph 63 appears to be an image taken from Zillow's online platform after

6  Zillow implemented changes to its website display, and states further that the image speaks for

7  itself and respectfully refers the Court to the image for its content.  Zillow denies that the

8  change was made "[w]ithout any significant warning," as Zillow made a public announcement

9  about its business intentions in September 2020, and had specifically been in communication

10  with REX about the website changes before they were made.  Zillow otherwise denies the

11  allegations in Paragraph 63.

12      64.    Zillow admits that its new listing display contains two tabs: "Agent listings"

13  and "Other listings."  Zillow admits that these new tabs were not present on its previous

14  display prior to January 2021.  Zillow admits that listings by REX, which are not listed in the

15  MLS, are displayed in the "Other listings" tab.  Zillow admits it incurred costs in redesigning

16  the display of its online platforms.  Zillow otherwise denies the allegations in Paragraph 64.

17      65.    Zillow admits that its website defaults to displaying the "Agent listings" tab,

18  unless there are no available listings in that tab that meet the consumer's search criteria, in

19  which case it defaults to the "Other" tab.  Zillow admits that in order to view all listings in a

20  particular area a consumer generally must look at the results displayed in both tabs, which

21  Zillow makes its consumers aware of by its published FAQs that explain in a consumer-

22  friendly way why Zillow added a second tab (https://www.zillow.com/z/c/listings-quality/) and

23  Zillow's new Search Toggle display (https://zillow.zendesk.com/hc/en-

24  us/articles/360056662414-New-Search-Toggle); it also developed a pop-up that, for a time,

25  called attention to the "Other listings" tab when a new consumer visited the website. Zillow

26  otherwise denies the allegations in Paragraph 65.

27      66.    Zillow admits that in the search results panel on its online platforms, REX

28  homes (when solely listed by REX, and not listed in an MLS) are displayed in the "Other

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ

- 10 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

listings" tab.  In those instances where REX co-lists its property listings with MLS participant brokers, Zillow denies the allegations that REX's homes are shown in the "Other listings" tab. Zillow otherwise denies the allegations in Paragraph 66.

67.    Zillow admits that membership with the NAR and individual MLSs are not preconditions to becoming a licensed real estate agent.  Zillow admits that many real estate agents are licensed by the state they practice in.  Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.    Zillow admits that REX participates in Zillow's Premier Agent program. Zillow otherwise denies the allegations in Paragraph 68.

69.    Admitted.

70.    Zillow admits that in order to access superior IDX data feeds, certain of its employees became participating members in individual MLSs across the country, and Zillow was thereby required to comply with the local MLSs' rules, some of which relate to the display of listings on Zillow's online platforms.  Zillow otherwise denies the allegations in Paragraph 70.

**E.    Zillow's Compliance with NAR's Rules Was Reviewed and Enforced by NAR's Multiple Listing Services**

71.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72.    Zillow admits that the NAR requires its members to comply with a Code of Ethics.  Zillow further admits that some NAR-affiliated MLSs require that their participant members also hold a membership with the NAR.  Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73.    Zillow admits that the NAR has promulgated certain rules, some of which are mandatory and some of which are optional, which its affiliated MLSs may comply with. Zillow otherwise denies the allegations in Paragraph 73.

74.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ
- 11 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

75.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.     Zillow denies the allegations in Paragraph 81.

82.     Zillow admits that it signed individual agreements with NAR-affiliated local MLSs and non-NAR-affiliated local MLSs through which it gained access to each such MLS's IDX data feed.  Pursuant to some of those agreements, Zillow was required to comply with local MLS rules.  Zillow otherwise denies the allegations in Paragraph 82.

83.     Zillow admits that in order to access superior IDX data feeds, certain of its employees became participating members in individual MLSs across the country, and Zillow was thereby required to comply with the local MLSs' rules, some of which relate to the display of listings on Zillow's online platforms.  Zillow otherwise denies the allegations in Paragraph 83.

84.     Zillow admits that in accordance with some of the agreements in place with individual MLSs it was required to undergo audit checks of its display to ensure compliance with the individual MLS's rules, for both NAR-affiliated and non-NAR-affiliated MLSs. Zillow otherwise denies the allegations in Paragraph 84.

85.     Zillow admits that some NAR-affiliated MLSs reviewed Zillow's proposed new display before Zillow implemented the change.  Zillow otherwise denies the allegations in

1    Paragraph 85.

2    86.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

3    of the allegations in Paragraph 86.

4    87.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

5    of the allegations in Paragraph 87.

6    88.    Zillow admits that in order to access superior IDX data feeds, certain of its

7    employees became participating members in individual MLSs across the country, and Zillow

8    was thereby required to comply with the local MLSs' rules, some of which relate to the display

9    of listings on Zillow's online platforms.  Zillow admits that in the search results panel on its

10    online platforms, REX homes (when solely listed by REX, and not listed in an MLS) are

11    displayed in the "Other listings" tab.  In those instances where REX co-lists its property

12    listings with MLS participant brokers, Zillow denies the allegations that REX's homes are

13    shown in the "Other listings" tab.  Zillow otherwise denies the allegations in Paragraph 88.

14    **F.    The Resulting Harm To Competition**

15    89.    Zillow admits that REX's listings (when listed solely by REX, and not in an

16    MLS) are displayed on the "Other listings" tab.  Zillow admits that its website defaults to

17    displaying the "Agent listings" tab, unless there are no available listings in that tab that meet

18    the consumer's search criteria, in which case it defaults to the "Other" tab.  Zillow further

19    admits that the tab titled "Other listing" is displayed immediately to the right of the "Agent

20    listing" tab.  Zillow otherwise denies the allegations in Paragraph 89.

21    90.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

22    of the allegations in Paragraph 90 and on that basis denies them.

23    91.    Zillow states that the image included in Paragraph 91 speaks for itself and

24    respectfully refers the Court to the image for its content.  Zillow otherwise lacks knowledge or

25    information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and on

26    that basis denies them.

27    92.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

28    of the allegations in Paragraph 92 and on that basis denies them.

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ                    - 13 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

93.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and on that basis denies them.

94.    Zillow admits that For Sale by Owner ("FSBO") and foreclosure properties are displayed in the "Other listings" results tab on its online platforms.  Zillow admits the general proposition that FSBO and foreclosure sales are not as numerous as other types of home sales. Zillow further admits that in certain geographies, depending on the search parameters, the "Other listings" tab may display fewer listings than the "Agent listings" tab.  To the extent Paragraph 94 purports to refer to an image, Zillow states that the image speaks for itself and respectfully refers the Court to the image for its content.  Zillow otherwise denies the allegations in Paragraph 94.

95.    Zillow admits that FSBO and foreclosure properties are displayed in the "Other listings" results tab on its online platforms, as are homes listed by REX (when solely listed by REX, and not listed in an MLS).  To the extent the allegations in Paragraph 95 relate to REX's homes and or business model, Zillow lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.  Zillow otherwise denies the allegations in Paragraph 95.

96.    Zillow denies the allegations in Paragraph 96.  Further answering, Zillow states that consumers are provided with a more comprehensive set of listings on Zillow's online platforms as a result of Zillow's switch to IDX data feeds.

97.    Zillow admits that the changes made to its online platforms are nationwide. Zillow otherwise denies the allegations in Paragraph 97.

**G.    The Root Of The Harm Lies Within NAR/MLS Anticompetitive Rules**

98.    Zillow states that the document referenced in Paragraph 98 speaks for itself and respectfully refers the Court to that document for its content.  Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99.    Zillow admits that on September 22, 2020 Errol Samuelson, Zillow's Chief Industry Development Officer, released a video message that included the words "locking

arms" and "shoulder-to-shoulder," but states that such references must be viewed in the full context of that message and respectfully refers the Court to the full message for its content. Zillow admits that the message also included reference to switching to IDX data feeds in January 2021.  Zillow otherwise denies the allegations in Paragraph 99.

100.    Zillow admits that the NAR has established rules for the local NAR-affiliated MLSs, which include rules that are both mandatory and optional, and Zillow respectfully refers the Court to those rules for their content. Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101.    Zillow admits that the IDX data feeds supplied by MLSs provide comprehensive data regarding MLS listings which, by agreement with the local MLSs, can be made publicly available online by MLS participant brokers.   Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102.    Zillow admits that the NAR and individual local MLSs (both NAR-affiliated and non-NAR-affiliated) have established policies and rules on how the respective MLS's IDX data feed can be used.  Zillow further admits that the NAR's Handbook on Multiple Listing Policy includes policies applicable to MLSs that, if adopted by the local MLS, the relevant MLS's members need to follow as required by the adopting MLS.  Zillow also admits that the NAR has both mandatory and optional policies—the latter of which individual MLSs may choose to adopt or not adopt, including the no co-mingling rule.  As to the text of the rule quoted in Paragraph 102, Zillow states that the text speaks for itself and respectfully refers the Court to the rule for its full content and context.  Zillow otherwise denies the remaining allegations in Paragraph 102.

103.    Zillow admits that Bright MLS is one of the largest MLSs in the nation.  Zillow states that Bright MLS's rules speak for themselves and respectfully refers the Court to those rules for their contents.  Zillow admits that similar rules have been adopted by some other MLSs, both NAR-affiliated and non-NAR-affiliated, across the country.  Zillow lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ

- 15 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1    allegations in Paragraph 103.

2    104.    Zillow admits that in order to obtain IDX data feeds from local MLSs, certain

3    of its employees joined the NAR and became participating members in individual MLSs

4    across the country, many of which are affiliated with the NAR and some of which are not; and

5    it redesigned its website to comply with local MLS rules, which it must adhere to by virtue of

6    its execution of agreements with such individual MLSs.  Zillow otherwise denies the

7    allegations in Paragraph 104.

8    105.    Zillow states that the documents referenced in Paragraph 105 speak for

9    themselves and respectfully refers the Court to the documents for their content.  Zillow

10    otherwise denies the allegations in Paragraph 105.

11    106.    Zillow admits that beginning in January 2021 it changed the display of the

12    listing results on its online platforms.  Zillow admits that it did so in order to comply with its

13    obligations under individual agreements with certain local MLSs.  Zillow otherwise denies the

14    allegations in Paragraph 106.

15    107.    Zillow admits that it changed its website display to show two tabs, one titled

16    "Agent listings" and the other "Other listings," and that it did so in order to comply with its

17    obligations under individual agreements with certain local MLSs.  Zillow otherwise denies the

18    allegations in Paragraph 107.

19    **H.    The Change In Zillow's Display Is Deceptive And An Illegal Restraint Of Trade**

20

21    108.    Zillow admits that the NAR is a trade association.  Zillow lacks knowledge or

22    information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

23    109.    Zillow states that the document referenced in Paragraph 109 speaks for itself

24    and respectfully refers the Court to the document for its content.  Zillow otherwise lacks

25    knowledge or information sufficient to form a belief as to the truth of the allegations in

26    Paragraph 109.

27    110.    The allegations in Paragraph 110 contain legal conclusions as to which no

28    response is required.  To the extent a response is required, Zillow lacks knowledge or

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ                    - 16 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1    information sufficient to form a belief as to the truth of the allegations in the last sentence of

2    Paragraph 110, and otherwise denies the allegations in Paragraph 110.

3        111.    Zillow admits that through its Zillow Offers program it provides consumers

4    with a competitive cash offer on their home(s).  Zillow otherwise denies the allegations in

5    Paragraph 111.

6        112.    Zillow admits that it owns and controls the online platforms for Zillow and

7    Trulia, which are two of the most heavily trafficked consumer-facing residential real estate

8    websites in the United States.  Zillow otherwise lacks knowledge or information sufficient to

9    form a belief as to the truth of the allegations in Paragraph 112.

10        113.    Zillow denies the allegations in Paragraph 113.

11        114.    Zillow admits that in order to access superior IDX data feeds, certain of its

12    employees joined the NAR and became participating members in individual MLSs across the

13    country and Zillow was thereby was required to comply with the local MLSs' rules, some of

14    which relate to the display of listings on Zillow's online platforms.  Zillow otherwise denies

15    the allegations in Paragraph 114.

16        115.    The allegations in Paragraph 115 contain legal conclusions as to which no

17    response is required.  To the extent a response is required, Zillow admits that its search results

18    display contains two tabs: "Agent listings" and "Other listings."  Zillow otherwise denies the

19    allegations in Paragraph 115.

20        116.    Zillow admits that the changes made to its search results display were made

21    nationwide.  Zillow otherwise denies the allegations in Paragraph 116.

22        117.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

23    of the allegations in Paragraph 117, and on that basis denies them.

24        118.    The allegations in Paragraph 118 contain legal conclusions as to which no

25    response is required.  To the extent a response is required, Zillow denies the allegations in

26    Paragraph 118.

27

28

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR        - 17 -
DAMAGES: 2:21-CV-00312-TSZ

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

## V.    THE RELEVANT MARKETS AND DEFENDANTS' MARKET POWER

119.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120.

121.    Zillow states that the document quoted in Paragraph 121 speaks for itself and respectfully refers the Court to the document for its content.  Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121.

122.    Zillow admits that, as of the filing of the Amended Complaint, the online platforms for Zillow and Trulia are the first- and fourth-most-trafficked consumer-facing real estate sites and that they attract billions of views per year.  Zillow admits that consumers widely use the internet to search for homes.  Zillow otherwise denies the allegation in Paragraph 122.

123.    The allegations in Paragraph 123 contain legal conclusions as to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 123.

## VI.    ANTICOMPETITIVE CONDUCT

124.    The allegations in Paragraph 124 contain legal conclusions as to which no response is required.  To the extent a response is required, Zillow admits that certain of its employees joined the NAR and became participating members in individual local MLSs and as a result, Zillow is obligated to comply with local MLS rules that individual MLSs have chosen to adopt and enforce, but denies the remaining allegations in Paragraph 124.

125.    The allegations in Paragraph 125 contain legal conclusions as to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 125.

126.    The allegations in Paragraph 126 contain legal conclusions as to which no response is required.  To the extent a response is required, Zillow denies the allegations in

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ

- 18 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

Paragraph 126.

## VII. ANTICOMPETIVE EFFECTS

127.    The allegations in Paragraph 127 contain legal conclusions as to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 127.

128.    To the extent the allegations in Paragraph 128 contain legal conclusions, no response is required.  To the extent a response is required, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and on that basis denies them.

129.    To the extent the allegations in Paragraph 129 contain legal conclusions, no response is required.  To the extent a response is required, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and on that basis denies them

130.    To the extent the allegations in Paragraph 130 contain legal conclusions, no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 130.

## VIII. CLAIMS
### COUNT I - UNREASONABLE RESTRAINT ON TRADE IN VIOLATION OF SECTION I OF THE SHERMAN ACT, 15 U.S.C. § 1

131.    Zillow incorporates by reference its responses to Paragraphs 1-130.

132.    To the extent the allegations in Paragraph 132 contain legal conclusions, no response is required.  To the extent a response is required, Zillow admits that the language quoted in Paragraph 132 is contained in Section 1 of the Sherman Act.

133.    To the extent the allegations in Paragraph 133 contain legal conclusions, no response is required.  To the extent a response is required, Zillow admits that certain of its employees joined the NAR and became participating members in individual MLSs across the country, many of which are affiliated with the NAR and some of which are not.  Zillow further admits that it maintains residential real estate aggregator websites.  Zillow otherwise denies the allegations in Paragraph 133.

134.    To the extent the allegations in Paragraph 134 contain legal conclusions, no response is required.  To the extent a response is required, Zillow admits that it maintains residential real estate aggregator websites.  Zillow otherwise lacks knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph 134, and on that basis denies them.

135.    The allegations in Paragraph 135 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 135.

136.    The allegations in Paragraph 136 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 136.

137.    The allegations in Paragraph 137 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow lacks knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph 137, and on that basis denies them.

138.    The allegations in Paragraph 138 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 138.

139.    The allegations in Paragraph 139 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow lacks knowledge or information sufficient form a belief as to the truth of the allegations in Paragraph 139, and on that basis denies them.

140.    The allegations in Paragraph 140 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 140.

141.    The allegations in Paragraph 141 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 141.

1

**COUNT II – FALSE ADVERTISING IN VIOLATION OF SECTION 1125
OF THE LANHAM ACT, 15 U.S.C. § 1125 (AGAINST ZILLOW)**

2

3      142.    Zillow incorporates by reference its responses to Paragraphs 1-141.

4      143.    Admitted.

5      144.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

6  of the allegations in Paragraph 144.

7      145.    The allegations in Paragraph 145 contain legal conclusions to which no

8  response is required.  To the extent a response is required, Zillow admits that it displays

9  certain listings in a tab labeled "Agent listings" and certain listings in a tab labeled "Other

10  listings," that the former includes homes listed by participant members of local MLSs, and the

11  latter includes homes that are not listed by participant members of local MLSs, including REX

12  and its agents who are not participant members of any MLS.  Zillow otherwise denies the

13  allegations in Paragraph 145.

14      146.    Zillow admits that consumers who wish to view homes listed by REX (when

15  solely listed by REX, and not listed in an MLS) must select the "Other listings" tab.  Zillow

16  otherwise denies the allegations in Paragraph 146.

17      147.    The allegations in Paragraph 147 contain legal conclusions to which no

18  response is required.  To the extent a response is required, Zillow denies the allegations in

19  Paragraph 147.

20      148.    The allegations in Paragraph 148 contain legal conclusions to which no

21  response is required.  To the extent a response is required, Zillow denies the allegations in

22  Paragraph 148.

23      149.    The allegations in Paragraph 149 contain legal conclusions to which no

24  response is required.  To the extent a response is required, Zillow denies the allegations in

25  Paragraph 149.

26      150.    Zillow admits that REX participates in its Premier Agent program.  Zillow

27  otherwise denies the allegations in Paragraph 150.

28

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR          - 21 -
DAMAGES: 2:21-CV-00312-TSZ

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

151.    The allegations in Paragraph 151 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 151.

152.    The allegations in Paragraph 152 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 152.

### COUNT III – FALSE ADVERTISING IN VIOLATION OF SECTION 1125 OF THE LANHAM ACT, 15 U.S.C. § 1125 (AGAINST NAR)

153.    Zillow incorporates by reference its responses to Paragraphs 1-152.

154.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154.

155.    Zillow admits that in order to access superior IDX data feeds it was required to become a participant member of local MLSs across the country and thereby was required to comply with the local MLSs' rules, some of which relate to the display of listings on Zillow's online platforms.  Zillow further admits that in conjunction with those rules it was required to undergo audit checks of its listings display to ensure compliance with the individual MLS's rules.  Zillow otherwise denies the allegations in Paragraph 155.

156.    The allegations in Paragraph 156 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 156.

157.    The allegations in Paragraph 157 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 157.

158.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158.

159.    The allegations in Paragraph 159 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in

1   Paragraph 159.

2           160.    The allegations in Paragraph 160 contain legal conclusions to which no

3   response is required.  To the extent a response is required, Zillow denies the allegations in

4   Paragraph 160.

5           161.    The allegations in Paragraph 161 contain legal conclusions to which no

6   response is required.  To the extent a response is required, Zillow denies the allegations in

7   Paragraph 161.

8           162.    The allegations in Paragraph 162 contain legal conclusions to which no

9   response is required.  To the extent a response is required, Zillow denies the allegations in

10  Paragraph 162.

11                  **COUNT IV – UNFAIR OR DECEPTIVE ACT OR PRACTICE**
                    **VIOLATING RCW 19.86.020 OF THE WASHINGTON CONSUMER**
12                  **PROTECTION ACT (AGAINST ZILLOW)**

13          163.    Zillow incorporates by reference its responses to Paragraphs 1-162.

14          164.    The allegations in Paragraph 164 contain legal conclusions to which no

15  response is required.  To the extent a response is required, Zillow admits that the Washington

16  Consumer Protection Act includes the language quoted in Paragraph 164.

17          165.    The allegations in Paragraph 165 contain legal conclusions to which no

18  response is required.

19          166.    Zillow admits that in order to access superior IDX data feeds it was required to

20  become a participant member of local MLSs across the country and thereby was required to

21  comply with the local MLSs' rules, some of which relate to the display of listings on Zillow's

22  online platforms.  Zillow otherwise denies the allegations in Paragraph 166.

23          167.    Admitted.  Further answering, Zillow states that its websites still provide all

24  such results to consumers.

25          168.    The allegations in Paragraph 168 contain legal conclusions to which no

26  response is required.  To the extent a response is required, Zillow admits that its listings

27  display changed in January 2021, but otherwise denies the allegation in Paragraph 168.

28

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR                    - 23 -
DAMAGES: 2:21-CV-00312-TSZ

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

169.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171, and on that basis denies them.

172.    The allegations in Paragraph 172 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 172.

173.    The allegations in Paragraph 173 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow admits that the language quoted in Paragraphs 173(a) and 173(b) appears in its 2020 Form 10-K, and respectfully refers the Court to that document for its full content and context.  Zillow otherwise denies the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 175.

176.    The allegations in Paragraph 176 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 176.

177.    The allegations in Paragraph 177 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in

- 24 -

1    Paragraph 177.

2    178.    The allegations in Paragraph 178 contain legal conclusions to which no

3    response is required.  To the extent a response is required, Zillow denies the allegations in

4    Paragraph 178.

5    **COUNT V – UNFAIR OR DECEPTIVE ACT OR PRACTICE VIOLATING
     RCW 19.86.020 OF THE WASHINGTON CONSUMER PROTECTION
6    ACT (AGAINST NAR)**

7    179.    Zillow incorporates by reference its responses to Paragraphs 1-178.

8    180.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

9    of the allegations in Paragraph 180.

10    181.    Zillow denies the allegations in Paragraph 181.

11    182.    The allegations in Paragraph 182 are not directed to Zillow, thus no response is

12    required.  To the extent a response is required, Zillow lacks knowledge or information

13    sufficient to form a belief as to the truth of the allegations in Paragraph 182.

14    183.    The allegations in Paragraph 183 are not directed to Zillow, thus no response is

15    required.  To the extent a response is required, Zillow lacks knowledge or information

16    sufficient to form a belief as to the truth of the allegations in Paragraph 183.

17    184.    The allegations in Paragraph 184 contain legal conclusions to which no

18    response is required.  To the extent a response is required, Zillow denies the allegations in

19    Paragraph 184.

20    185.    The allegations in Paragraph 185 contain legal conclusions to which no

21    response is required.  To the extent a response is required, Zillow denies the allegations in

22    Paragraph 185.

23    186.    The allegations in Paragraph 186 contain legal conclusions to which no

24    response is required.  To the extent a response is required, Zillow denies the allegations in

25    Paragraph 186.

26    187.    The allegations in Paragraph 187 contain legal conclusions to which no

27    response is required.  To the extent a response is required, Zillow denies the allegations in

28    Paragraph 187.

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ                    - 25 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

188.    The allegations in Paragraph 188 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 188.

**COUNT VI – CONSPIRACY TO RESTRAIN TRADE VIOLATING RCW 19.86.030 OF THE WASHINGTON CONSUMER PROTECTION ACT**

189.    Zillow incorporates by reference its responses to Paragraphs 1-188.

190.    The allegations in Paragraph 190 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow admits that the Washington Consumer Protection Act includes the language quoted in Paragraph 190.

191.    The allegations in Paragraph 191 contain legal conclusions to which no response is required.  To the extent a response is required, Zillow denies the allegations in Paragraph 191.

192.    Zillow admits that prior to September 2020 it was not under any obligation to adhere to rules governing MLS broker participation, including those governing the display of MLS listings by participant brokers.  Zillow otherwise denies the allegations in Paragraph 192.

193.    Zillow admits that in September 2020 it announced that it would be making a switch to IDX data feeds received directly from the MLSs, which required joining MLSs as a participant broker, executing agreements with individual MLSs, and adhering to each individual MLS's rules governing the display of their IDX data feeds.  Zillow otherwise denies the allegations in Paragraph 193.

194.    Zillow admits that the NAR has issued model rules regarding the display of IDX data feeds, which includes both mandatory and optional rules.  Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194.

195.    Zillow admits that the NAR has promulgated an optional rule that some, but not all, MLSs have adopted that requires the separate display of MLS listings from non-MLS listings.  Answering further, Zillow states that some MLSs have adopted this optional rule

even if not affiliated with the NAR. Zillow otherwise denies the allegations in Paragraph 195.

196.    Zillow admits that its 2020 Form 10-K includes the language quoted in Paragraph 196, and respectfully directs the Court to that document for its full content and context. Zillow further admits that some of its subsidiaries have joined MLS organizations.

197.    Zillow admits that it has publicly stated that the conversion to a two-tab display was implemented to comply with its obligations under individual agreements with certain local MLSs. Zillow denies the remainder of the allegations in the first sentence of Paragraph 197. Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 197.

198.    The allegations in Paragraph 198 contain legal conclusions to which no response is required. To the extent a response is required, Zillow denies the allegations in Paragraph 198.

199.    The allegations in Paragraph 199 contain legal conclusions to which no response is required. To the extent a response is required, Zillow states that all of its online platforms continue to provide its consumers with a wide variety of listings, including those that purport to be listed from a lower cost alternative, like REX. Zillow otherwise denies the allegations in Paragraph 199.

200.    The allegations in Paragraph 200 contain legal conclusions to which no response is required. To the extent a response is required, Zillow denies the allegations in Paragraph 200.

201.    The allegations in Paragraph 201 contain legal conclusions to which no response is required. To the extent a response is required, Zillow denies the allegations in Paragraph 201.

**COUNT VII – DEFAMATION**

202.    Zillow incorporates by reference its responses to Paragraphs 1-201.

203.    The allegations in Paragraph 203 contain legal conclusions to which no response is required. To the extent a response is required, Zillow denies the allegations in Paragraph 203.

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ

- 27 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1    204.    The allegations in Paragraph 204 contain legal conclusions to which no

2    response is required.  To the extent a response is required, Zillow denies the allegations in

3    Paragraph 204.

4    205.    The allegations in Paragraph 205 contain legal conclusions to which no

5    response is required.  To the extent a response is required, Zillow lacks knowledge or

6    information sufficient to form a belief as to the truth of the allegations in Paragraph 205, and

7    on that basis denies them.

8    206.    The allegations in Paragraph 206 contain legal conclusions to which no

9    response is required.  To the extent a response is required, Zillow lacks knowledge or

10   information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and

11   on that basis denies them.

12   207.    The allegations in Paragraph 207 contain legal conclusions to which no

13   response is required.  To the extent a response is required, Zillow denies the allegations in

14   Paragraph 207.

15   208.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

16   of the allegations in Paragraph 208.

17   209.    Zillow admits that REX participates in its Premier Agent program.  Zillow

18   otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

19   allegations in Paragraph 209.

20   210.    Zillow lacks knowledge or information sufficient to form a belief as to the truth

21   of the allegations in Paragraph 210.

22   211.    Zillow admits that REX participates in its Premier Agent program.  Zillow

23   otherwise denies the allegations in Paragraph 211.

24   212.    The allegations in Paragraph 212 contain legal conclusions to which no

25   response is required.  To the extent a response is required, Zillow denies the allegations in

26   Paragraph 212.

27   213.    The allegations in Paragraph 213 contain legal conclusions to which no

28   response is required.  To the extent a response is required, Zillow denies the allegations in

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ

- 28 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1    Paragraph 213.

2            214.    The allegations in Paragraph 214 contain legal conclusions to which no

3    response is required.  To the extent a response is required, Zillow denies the allegations in

4    Paragraph 214.

5            215.    The allegations in Paragraph 215 contain legal conclusions to which no

6    response is required.  To the extent a response is required, Zillow denies the allegations in

7    Paragraph 215.

8            216.    The allegations in Paragraph 216 contain legal conclusions to which no

9    response is required.  To the extent a response is required, Zillow denies the allegations in

10   Paragraph 216.

11                          **IX.    PRAYER FOR RELIEF**

12           Zillow denies that REX is entitled to any relief in connection with the allegations in its

13   Amended Complaint, including the relief request in Paragraphs A through J, including all

14   subparagraphs, of REX's Relief Requested set forth in its Amended Complaint.

15                          **X.    DEMAND FOR JURY TRIAL**

16           REX's demand for a jury trial on all issues asserts no allegations and therefore does not

17   require a response.

18

19

20

21

22

23

24

25

26

27

28

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR        - 29 -
DAMAGES: 2:21-CV-00312-TSZ

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1  **DEFENSES**

2     Without admitting or acknowledging that Zillow bears the burden of proof as to any of

3  the following defenses on which it would not otherwise bear the burden of proof, regardless of

4  them being identified as defenses, based upon information and belief, Zillow asserts the

5  following defenses and reserves the right to amend its defenses and to add additional defenses,

6  including, but not limited to, any defenses revealed during discovery.

7  **FIRST DEFENSE**
   **(No Conspiracy or Agreement to Restrain Trade)**
8

9     Zillow has not entered into any conspiracy or agreement to restrain trade with either the

10  NAR or any MLSs.  *See Toscano v. Pro. Golfers Ass'n*, 258 F.3d 978 (9th Cir. 2001).

11  **SECOND DEFENSE**
    **(Unilateral Conduct Not Actionable)**
12

13     Zillow made unilateral changes to its listings search results display.  Zillow's unilateral

14  conduct is not actionable.

15  **THIRD DEFENSE**
    **(No Harm to Competition)**
16

17     Placement of REX's listings on Zillow's "Other listings" tab has not harmed

18  competition.

19  **FOURTH DEFENSE**
    **(Rule of Reason Applies)**
20

21     REX has failed to demonstrate a *per se* antitrust case and thus the Rule of Reason

22  applies.  *See* Order Denying Preliminary Injunction at 13 (Dkt. No. 80) ("[T]he Court finds the

23  per se rules to be inapplicable in this case.").

24  **FIFTH DEFENSE**
    **(REX Has Not Been Harmed by Zillow's Actions)**
25

26     Zillow's actions have not caused REX harm.  Any harm REX has suffered is due to its

27  own business decisions and business model, including its independent decision to advertise on

28

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR          - 30 -
DAMAGES: 2:21-CV-00312-TSZ

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1    Zillow, which is just one of many online platforms or forums where REX can advertise.

2    **SIXTH DEFENSE**
3    **(No Damages Exist)**

4    REX has not incurred any damages as a result of Zillow's actions.  Alternatively, if any

5    damages exist, they are too difficult to ascertain and too difficult to make a causal connection

6    to Zillow's actions.

7    **SEVENTH DEFENSE**
8    **(REX Failed to Mitigate Damages)**

9    To the extent any damages exist, it is only because REX failed to mitigate its damages,

10    through co-listing, choosing to advertise elsewhere, or otherwise.

11    **EIGHTH DEFENSE**
12    **(Legitimate Business Justifications)**

13    Zillow made the decision to source its listings from MLSs' IDX data feeds for

14    legitimate business reasons.

15    **NINTH DEFENSE**
16    **(Least Restrictive Means)**

17    Zillow utilized the least restrictive means available when deciding to source its listings

18    from MLSs' IDX data feeds and implement a two-tabbed display on its online platforms.

19    **TENTH DEFENSE**
20    **(Enhanced Efficiencies)**

21    Zillow's decision to source listings from MLSs' IDX data feeds has resulted in

22    enhanced efficiencies for Zillow's business and its consumers.

23    **ELEVENTH DEFENSE**
24    **(Increased Output)**

25    Zillow's decision to source listings from MLSs' IDX data feeds has resulted in Zillow

26    being able to access and display more listings for its consumers, allowing them to have more

27    options in their home search.

28

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ

- 31 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1
2

**TWELFTH DEFENSE**
**(Improved Product)**

3    Zillow's decision to source listings from MLSs' IDX data feeds has resulted in

4    improved listings on Zillow's websites that are more numerous, more detailed, more up-to-

5    date, and of higher quality than Zillow could previously display.

6
7

**THIRTEENTH DEFENSE**
**(Zillow's Decision was Procompetitive)**

8    Zillow's decision to source its listings data from local MLSs' IDX data feeds was – and

9    is – procompetitive.

10
11

**FOURTEENTH DEFENSE**
**(Failure to State a Claim)**

12    REX's Amended Complaint fails to state a claim upon which relief can be granted.

13
14

**FIFTEENTH DEFENSE**
**(Truth or Substantial Truth)**

15    REX's claims fail because Zillow's labeling is truthful or substantially truthful, and

16    unlikely to mislead or deceive consumers.

17
18

**SIXTEENTH DEFENSE**
**(Innocent Construction)**

19    REX's claim for defamation fails under the innocent construction rule as the alleged

20    conduct is susceptible to more than one interpretation, and thus not actionable.

21
22

**SEVENTEETH DEFENSE**
**(Laches)**

23    REX's claims are barred, in whole or in part, under the doctrine of laches.

24
25

**EIGHTEENTH DEFENSE**
**(Unclean Hands)**

26    REX's claims are barred, in whole or in part, under the doctrine of unclean hands.

27
28

ZILLOW DEFENDANTS' ANSWER TO AMENDED
COMPLAINT FOR INJUNCTIVE RELIEF AND FOR
DAMAGES: 2:21-CV-00312-TSZ
- 32 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

1

**ADDITIONAL DEFENSES**

2    Zillow reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil

3  Procedure, and any other defenses, at law or in equity, that may be available now or may

4  become available in the future based on discovery or any other factual investigation in this

5  case and will amend if and as appropriate under the Federal Rules of Civil Procedure.

6

**CONCLUSION**

7    WHEREFORE, Zillow Defendants respectfully request that this Court enter judgment

8  as follows:

9        A.  Finding in favor of Zillow and against REX, dismissing REX's Amended

10           Complaint, in its entirety and with prejudice;

11       B.  Denying each and every one of REX's requests for relief in their entirety;

12       C.  Awarding Zillow all of its costs, expenses, and attorneys' fees incurred in this

13           action; and

14       D.  Granting such other and further relief as the Court may deem just and proper.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated: October 14, 2021          By:    */s/ Aravind Swaminathan*
                                              */s/ Nicole Tadano*
2                                             */s/ John "Jay" Jurata, Jr.*
                                              */s/ Russell P. Cohen*
3                                             */s/ Naomi J. Scotten*

4
                                       ORRICK, HERRINGTON & SUTCLIFFE LLP
5                                      Aravind Swaminathan (WSBA No. 33883)
                                       aswaminathan@orrick.com
6                                      Nicole Tadano (WSBA No. 40531)
                                       ntadano@orrick.com
7                                      701 Fifth Avenue, Suite 5600
                                       Seattle, WA  98104
8                                      Telephone:  206-839-4300
                                       Facsimile:  206-839-4301
9
                                       John "Jay" Jurata, Jr. (Admitted *Pro Hac Vice*)
10                                     jjurata@orrick.com
                                       1152 15th Street, N.W.
11                                     Washington, DC  20005
                                       Telephone:  202-339-8400
12
                                       Russell P. Cohen (Admitted *Pro Hac Vice*)
13                                     rcohen@orrick.com
                                       405 Howard Street
14                                     San Francisco, CA 94105
                                       Telephone:  415-773-5700
15
                                       Naomi J. Scotten (Admitted *Pro Hac Vice*)
16                                     nscotten@orrick.com
                                       51 West 52nd Street
17                                     New York, NY 20005
                                       Telephone:  212-506-5000
18
                                       ***Attorneys for Defendants Zillow, Inc., Zillow***
19                                     ***Group, Inc., Zillow Homes, Inc., Zillow Listing***
                                       ***Services, Inc., and Trulia, LLC***
20

21

22

23

24

25

26

27

28